**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| HECTOR PALMA-BARILLAS, | : | Case No. 2:22-cv-2798 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| COUNTY JAIL MEDICAL STAFF, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

───────────────────────────────

## REPORT AND RECOMMENDATION

───────────────────────────────

Plaintiff, an inmate at the Allenwood Medium Federal Correctional Institution, in White Deer, Pennsylvania, brings this *pro se* action against defendants "County Jail Medical Staff" and Attorney Verta Durant. (Doc. 3-1). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is now before the Court for a s*ua sponte* review of the complaint (Doc. 3-1) to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

Also before the Court is Plaintiff's Notice of Intent, which Plaintiff has asked the Court to construe as a "Motion to File Out of Time." (Doc. 1).

### LEGAL STANDARD

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal

standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## COMPLAINT

Plaintiff alleges that, in approximately June 2019, he passed out in the pill line at the County Jail in Columbus, Ohio.  Plaintiff allegedly came to but passed out a second time, hitting his head on a cell door.  According to Plaintiff, when he came to again he was sitting in a wheelchair waiting for an ambulance.

Plaintiff alleges that, at the hospital, a doctor told him that County Jail Medical Staff had given him the wrong medication.  The doctor allegedly gave Plaintiff a letter to give to the jail medical staff.  Plaintiff alleges that defendant Attorney Durant took the letter and never returned it, despite Plaintiff's attempts to retrieve the letter.

Plaintiff states that since the above medical incident he has suffered from deteriorating

3

motor skills, migraines, lower back pain, loss of memory, and diminished sleep.

For relief, Plaintiff seeks monetary damages.  (Doc. 3-1, at PageID 46-47).

## ANALYSIS

Plaintiff does not specify the laws under which he brings his claims against Defendants County Jail Medical Staff or Attorney Durant.  Liberally construing the complaint, *see Erickson*, 551 U.S. at 94, the Court understands Plaintiff to be bringing a 42 U.S.C. § 1983 claim for deliberate indifference to a serious medical need, under the Eighth and/or Fourteenth Amendments to the United States Constitution,[1] and a state-law claim for medical malpractice against Defendant County Jail Medical Staff.  The Court understands Plaintiff to be bringing a § 1983 claim for denial of access to the courts and/or denial of property, under the First and/or Fourteenth Amendments, and a state-law claim for attorney malpractice against Defendant Attorney Durant.

For the reasons that follow, Plaintiff's complaint should be dismissed.

### a.        Plaintiff's § 1983 Claim against County Jail Medical Staff Is Time-Barred.

Plaintiff's § 1983 claim against County Jail Medical Staff is barred by the statute of limitations.  Plaintiff's complaint is governed by Ohio's two-year statute of limitations found in Ohio Rev. Code § 2305.10.  *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).  Although the statute of limitations is normally an affirmative defense raised by defendants, "if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte." *Watson v. Wayne Cty.*, 90 F. App'x 814, 815 (6th Cir. 2004) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)); *see also Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475,

---

[1] It is not clear from the complaint (Doc. 3-1) whether Plaintiff was at the County Jail serving a sentence or whether he was a detainee awaiting trial.  However, the distinction in his status has no practical effect in this matter because through the Due Process Clause of the Fourteenth Amendment pretrial detainees are entitled to the same Eighth Amendment rights to adequate medical care and conditions of confinement as are other inmates.  *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005); *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994).

476 (6th Cir. 2002) ("Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate."). Moreover, "[w]here a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)." *Fraley v. Ohio Gallia Cty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Generally, the statute of limitations for filing an action alleging a constitutional violation begins to run "when the Plaintiff knows or has reason to know of the injury which is the basis of his action." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). "[I]n determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." *Id.* (quoting *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)).

Plaintiff alleges that the conduct underlying his claim against the County Jail Medical Staff occurred in approximately June 2019. (*See* Doc. 3-1, at PageID 46). Plaintiff was or should have been aware of his alleged injuries at that time, when he allegedly hit his head after passing out and when doctors at the hospital allegedly told him that County Jail Medical Staff gave him the wrong medication. Plaintiff, however, did not file the underlying action until July 2022 (*see* Doc. 1), over three years after the challenged conduct, and approximately one year after the limitations period expired.

Because petitioner's claims against County Jail Medical Staff are barred by the statute of limitations, these claims are subject to dismissal. *See Wallace*, 549 U.S. at 388 (clarifying that statute of limitations begins to run when the litigant "has a complete and present cause of action").

Plaintiff has not pleaded any facts in his complaint that would give rise to tolling under Ohio state

law.  *See Wallace*, 549 U.S. at 394 ("We have generally referred to state law for tolling rules, just

as we have for the length of statutes of limitations."); *see also* Ohio Rev. Code § 2305.16 (setting

forth two disabilities—being within the age of minority and being of unsound mind—that toll the

statute of limitations for actions, such as this one, that are governed by Ohio Rev. Code § 2305.10).

Notably, in Plaintiff's construed "Motion to File Out of Time" (Doc. 1), Plaintiff alleges

that circumstances created by his being "kept in constant transit" during the Covid-19 pandemic

warrant equitable tolling.  The state-law tolling period attributable to Covid-19, however, does not

save Plaintiff's claims.  The Ohio Court of Appeals has explained:

> [O]n March 9, 2020, in response to the emerging COVID-19 pandemic, the
> Governor of Ohio issued Executive Order 2020-01D, declaring a state of
> emergency.  In addition, on March 27, 2020, the Ohio General Assembly passed a
> COVID-19 relief bill, 2020 Am. Sub. H.B. No. 197, which tolled, retroactively to
> March 9, 2020, all statutorily established statutes of limitations, time limitations,
> and deadlines in the Ohio Revised Code and Administrative Code until the
> expiration of Executive Order 2020-01D or July 30, 2020, whichever came sooner.
> Because the period of emergency was still in effect as of July 30, 2020, the tolling
> period ended July 30, 2020. *Chapman Enterprises, Inc. v. McClain*, 165 Ohio St.3d
> 428, 2021-Ohio-2386, ¶ 11.

*Roach v. Vapor Station Columbus, Inc.*, No. 21AP-55, 2022 WL 2211529, at *2 (Ohio Ct. App.

June 21, 2022) (footnote omitted).  The less-than-five-month statutory tolling period in Ohio for

Covid-19 circumstances (i.e., the time between March 9 and July 30, 2020) is insufficient to render

Plaintiff's § 1983 claim against County Jail Medical Staff, which was filed approximately a year

after the statute of limitations expired, timely.

Therefore, Plaintiff's construed "Motion to File Out of Time" (Doc. 1) should be **DENIED**

and Plaintiff's § 1983 claims against County Jail Medical Staff should be **DISMISSED with**

**prejudice** as time-barred.

6

**b.      Plaintiff's § 1983 Claims against Attorney Durant**

To maintain an action under § 1983, Plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived Plaintiff of some right secured by the Constitution or laws of the United States.  *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)).  As a lawyer representing a client, Attorney Durant was not a state actor within the meaning of § 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* principles to retained criminal lawyers).

Therefore, Plaintiff's § 1983 claim against Attorney Durant should be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

**c.      Plaintiff's State-Law Claims against Defendants**

Having found that the Court should dismiss Plaintiff's federal claims, the undersigned further recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and **DISMISS** such claims **without prejudice**.  *See Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).

*****

Accordingly, the Court should **DISMISS with prejudice** Plaintiff's federal claims, respectively, as time-barred and for failure to state a claim upon which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and should **DECLINE** to exercise supplemental

7

jurisdiction over Plaintiff's state-law claims and **DISMISS** such claims **without prejudice,** 28 U.S.C. § 1367(c)(3).  Further, for the reasons stated above, Plaintiff's construed "Motion to File Out of Time" (Doc. 1) should be **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1.      Plaintiff's federal claims against defendants be **DISMISSED with prejudice**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2.      The Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over Plaintiff's state-law claims and **DISMISS** such claims **without prejudice**.

3.      Plaintiff's construed "Motion to File Out of Time" (Doc. 1) should be **DENIED**.

4.      The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

August 31, 2022                              *s/ Kimberly A. Jolson*
                                             KIMBERLY A. JOLSON
                                             United States Magistrate Judge