# UNITED STATES DISRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**HECTOR PALMA-BARILLAS,**

       **Plaintiff,**                  **Case No.: 2:22-cv-2798**
                                           **JUDGE EDMUND A. SARGUS, JR.**
       **v.**                             **Magistrate Judge Kimberly A. Jolson**

**COUNTY JAIL MEDICAL STAFF,** *et al.*,

       **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the August 31, 2022, Report and Recommendation issued by the Magistrate Judge. (ECF No. 5.) After performing an initial screen of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Magistrate Judge recommended that the Court dismiss Plaintiff Hector Palma-Barillas Complaint in its entirety for failure to state a claim upon which relief may be granted. Mr. Palma-Barillas timely filed an Objection (ECF No. 6) to the Report and Recommendation. For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objection (ECF No. 6), **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 5), and **DISMISSES** the Complaint (ECF No. 1).

## I. BACKGROUND

Mr. Palma-Barillas is incarcerated in an Ohio institution and is proceeding without assistance of counsel. (ECF No. 1.) He commenced this action on July 11, 2022, against the County Jail Medical Staff and Verta Duran, his attorney. (ECF No. 1.) Plaintiff alleges that, in approximately June 2019, he passed out in the pill line at the County Jail in Columbus, Ohio. He allegedly regained consciousness but lost it a second time, hitting his head on a cell door.

According to Plaintiff, when he regained consciousness a second time, he was in a wheelchair awaiting an ambulance.

Mr. Palma-Barillas alleges that, at the hospital, a doctor told him that County Jail Medical Staff had given him the wrong medication. The doctor allegedly gave Plaintiff a letter to give to the jail medical staff.  Plaintiff avers that he gave the letter to his attorney Defendant Durant, who took the letter and never returned it, despite Plaintiff's attempts to retrieve the letter.

Plaintiff states that since the above medical incident he has suffered from deteriorating motor skills, migraines, lower back pain, loss of memory, and diminished sleep. (Motion to Proceed IFP, ECF No. 3-1.)

## II.  REPORT AND RECOMMENDATION

The Magistrate Judge determined, and this Court agrees, that while not specifying in the Complaint, Plaintiff brought the following claims:

> Liberally construing the complaint, *see Erickson*, 551 U.S. at 94, the Court understands Plaintiff brings a 42 U.S.C. § 1983 claim for deliberate indifference to a serious medical need, under the Eighth and/or Fourteenth Amendments to the United States Constitution, and a state-law claim for medical malpractice against Defendant County Jail Medical Staff. The Court understands Plaintiff brings a § 1983 claim for denial of access to the courts and/or denial of property, under the First and/or Fourteenth Amendments, and a state-law claim for attorney malpractice against Defendant Attorney Durant.

(Report at 4, ECF No. 5.)

After performance of a thorough initial screen, the Magistrate Judge recommended:

1.  Plaintiff's federal claims against defendants be **DISMISSED** with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2.  The Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over Plaintiff's state-law claims and **DISMISS** such claims without prejudice.

3.  Plaintiff's construed "Motion to File Out of Time" (Doc. 1) should be **DENIED**.

2

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal in forma pauperis. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), overruled on other grounds, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

*Id*. at 8.  Plaintiff objects to the recommendations.

### III.  STANDARDS OF REVIEW

**A.  Objections**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.  Dismissal**

In evaluating a complaint to determine whether it states a claim upon which relief can be granted, the Court must construe it in favor of the plaintiff, accept the factual allegations contained in the pleading as true, and determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

3

## IV. ANALYSIS

The Magistrate Judge reviewed the (A) federal claims filed against the county jail medical staff, (B) federal claims filed against Plaintiff's attorney, and (C) the state law claims.

### A.     Plaintiff's § 1983 Claim against County Jail Medical Staff

Plaintiff's § 1983 claim is governed by Ohio's two-year statute of limitations found in Ohio Revised Code § 2305.10. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). Although the statute of limitations is normally an affirmative defense raised by defendants, "if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte." *Watson v. Wayne Cty.*, 90 F. App'x 814, 815 (6th Cir. 2004) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)). Moreover, "[w]here a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)." *Fraley v. Ohio Gallia Cty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998).

Generally, the statute of limitations for filing an action alleging a constitutional violation begins to run "when the Plaintiff knows or has reason to know of the injury which is the basis of his action." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). "[I]n determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." *Id*. (quoting *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)).

Plaintiff alleges that the conduct underlying his claim against the County Jail Medical Staff occurred in approximately June 2019. Therefore, as the Magistrate Judge correctly determined, Plaintiff was or should have been aware of his alleged injuries at that time, when he allegedly hit his head after losing consciousness and when doctors at the hospital allegedly told him that County Jail Medical Staff gave him the wrong medication. Plaintiff, however, did not file the underlying action

4

until July 2022, over three years after the challenged conduct, and approximately one year after the limitations period expired.

Mr. Palma-Barillas objects to the Magistrate Judge's conclusion that his claims are time barred, arguing that because he was kept in constant transit due to the pandemic, he could not file within the limitations period, thus making tolling of the period appropriate. This argument was addressed in the Report and Recommendation because Plaintiff filed a "Notice of Intent," with his Complaint, which the Magistrate Judge construed as a motion to file out of time.  (Report at 1, 6, ECF No. 5.)  In her Report, she concluded:

> Notably, in Plaintiff's construed "Motion to File Out of Time" (Doc. 1), Plaintiff alleges that circumstances created by his being "kept in constant transit" during the COVID-19 pandemic warrant equitable tolling. The state-law tolling period attributable to COVID-19, however, does not save Plaintiff's claims. The Ohio Court of Appeals has explained:
>
>> [O]n March 9, 2020, in response to the emerging COVID-19 pandemic, the Governor of Ohio issued Executive Order 2020-01D, declaring a state of emergency. In addition, on March 27, 2020, the Ohio General Assembly passed a COVID-19 relief bill, 2020 Am. Sub. H.B. No. 197, which tolled, retroactively to March 9, 2020, all statutorily established statutes of limitations, time limitations, and deadlines in the Ohio Revised Code and Administrative Code until the expiration of Executive Order 2020-01D or July 30, 2020, whichever came sooner. Because the period of emergency was still in effect as of July 30, 2020, the tolling period ended July 30, 2020. *Chapman Enterprises, Inc. v. McClain*, 165 Ohio St.3d 428, 2021-Ohio-2386, ¶ 11.
>
> *Roach v. Vapor Station Columbus, Inc.*, No. 21AP-55, 2022 WL 2211529, at *2 (Ohio Ct. App. June 21, 2022) (footnote omitted). The less-than-five-month statutory tolling period in Ohio for COVID-19 circumstances (i.e., the time between March 9 and July 30, 2020) is insufficient to render Plaintiff's § 1983 claim against County Jail Medical Staff, which was filed approximately a year after the statute of limitations expired, timely.
>
> Therefore, Plaintiff's construed "Motion to File Out of Time" (Doc. 1) should be **DENIED** and Plaintiff's § 1983 claims against County Jail Medical Staff should be **DISMISSED with prejudice** as time-barred.

(Report at 6, ECF No. 5.)

Upon a *de novo* review, the Court finds the Magistrate Judge's analysis correct and **ADOPTS** it in full here. Accordingly, the Court **OVERRULES** Plaintiff's Objection and **DISMISSES WITH PREJUDICE** Plaintiff's federal claims against the Franklin County jail medical staff for failure to state a claim upon which relief can be granted.

**B.     Plaintiff's § 1983 Claim against Attorney Durant**

To maintain an action under § 1983, Plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived Plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). As the Magistrate Judge properly found, as a lawyer representing a client, Attorney Durant was not a state actor within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* principles to retained criminal lawyers).

Therefore, upon a de novo review, Plaintiff's Objection is **OVERRULED**, the Report and Recommendation is **ADOPTED** and **AFFIRMED**, and Plaintiff's § 1983 claim against Attorney Durant is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

**C.     Plaintiff's State-Law Claims**

Having dismissed Plaintiff's federal claims, the Court agrees with the Magistat Judge that the appropriate avenue is declination of supplemental jurisdiction over Plaintiff's state-law claims and **DISMISS** such claims **without prejudice**. *See Harper v. AutoAlliance Int'l, Inc.,* 392

F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28

U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it

generally should dismiss the state law claims as well).

## V.  APPEAL

For the reasons set forth above, and those in the Report and Recommendation, the Court

**CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be

taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on*

*other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

## VI.  CONCLUSION

Based on the foregoing, the Court **OVERRULES** Plaintiff's Objections (ECF No. 6),

**ADOPTS AND AFFIRMS** the Report and Recommendation in its entirety (ECF No. 5),

**DISMISSES WITH PREJUDICE** Plaintiff's federal claims, respectively, as time-barred and

for failure to state a claim upon which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B) and

1915A(b)(1), **DECLINES** to exercise supplemental over Plaintiff's state law claims, which are

**DISMISSED WITHOUT PREJUDICE**, and **CERTIFIES** that an appeal would not be taken

in good faith.

The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendants and to close

this case.

**IT IS SO ORDERED.**


**1/3/2023**                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                         **EDMUND A. SARGUS, JR.**
                                                 **UNITED STATES DISTRICT JUDGE**